UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 MARK GUILFORD and CONSUELO GUILFORD,

                                        Plaintiff,

        v.                                                    Civil Action No. _____

PENTAGROUP FINANCIAL, LLC,
And CACH LLC

                                        Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendants'
    violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter
    "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and
    unfair practices and the Telephone Consumer Protection Act of 1991 (hereinafter referred
    to as the "TCPA").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28
    U.S.C. § 1337.

3.  That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and
    circumstances that give rise to their federal cause of action.  As such, this Court has
    supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C.
    §1367.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts
    business here and the conduct complained of occurred here.

### III. PARTIES

5.  Plaintiffs, Mark Guilford and Consuelo Guilford, are natural persons residing in the
    County of Allegany and State of New York and is a "consumer" as that term is defined
    by 15 U.S.C. §1692a(3).

6. Defendant, Pentagroup Financial, LLC ("Pentagroup"), is a foreign limited liability company organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant, Cach, LLC (Cach"), is a foreign limited liability company organized and existing under the laws of the State of Colorado and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. That at all times relevant herein, each Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendants, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendants, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendants, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

13. That Defendants, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendants, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. Defendants regularly attempt to collect debts alleged to be due another.

17. All references to "Defendant(s)" herein shall mean the Defendants or an employee of said Defendant(s).

18. That at all relevant times herein, Defendant Pentagroup acted as agent-in-fact for Defendant Cach, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

1. That Plaintiffs incurred a debt to GE Money.  This debt will be referred to as "the subject debt."

2. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

3. That Plaintiff thereafter defaulted on the subject debt.

4. That sometime after Plaintiff defaulted on the subject debt, Defendant Cach acquired the subject debt.

5. That upon information and belief, Defendant Pentagroup was employed by Cach to collect on the subject debt.

6. That in or about February, 2012, Defendant Pentagroup began calling Plaintiffs multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.\

7. That Plaintiffs mailed to Defendant Pentagroup, via certified mail, return receipt requested, a cease and desist letter.  Defendant received and signed for this letter on or about April 16, 2012.

8. That Defendant Pentagroup continued to call Plaintiffs at least 20 times in one week on their home and cellular telephones.

9. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

10. Plaintiffs repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

12. Defendants violated 15 U.S.C. §1692c(c) by continuing to contact Plaintiffs after receiving communication from Plaintiffs to cease and desist from contacting them.

13. Defendants violated 15 U.S.C. §1692d, and 15 U.S.C. §1692d(5), by repeatedly causing Plaintiffs' telephones to ring, the natural consequence of such action was to harass, oppress, and abuse the Plaintiffs through an unfair and unconscionable attempt to collect the subject debt.

14. That Cach is vicariously liable for the acts of Pentagroup under the laws of agency.

15. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

16. Plaintiffs repeat, reallege and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

17. The Defendants at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiffs' telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiffs to leave such messages.

18. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

19. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

20. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed their peace and tranquility at home and elsewhere.

21. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

22. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

23. Plaintiffs received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

24. The Defendants caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated:  June 13, 2012

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com